## SCOTT v. TECKTONIUS.

### (Circuit Court, E. D. Wisconsin. July 24, 1899.)

PATENTS—INFRINGEMENT—BAND FASTENING.

The Scott patent, No. 391,340, for a band fastening, was not antici-pated, is valid, and entitled to a fair, if not liberal, construction, cover-ing not only the precise form of construction of the parts described, but plain equivalents performing the same function in the combination. As so construed, *held* infringed.

In Equity. Suit for infringement of letters patent No. 391,340, for a band fastening, issued to John M. Scott October 16, 1888. On final hearing.

On final hearing, under bill of complaint alleging infringement of letters patent No. 391,340, issued to complainant October 16, 1888, for an improve-ment in band fastening. The patent states two claims, infringement being alleged of each, as follows: "(1) The herein-described clamp for uniting the ends of hoops or bands or tightening the same, consisting of a pair of heads recessed and apertured, as set forth, and provided with cross-bars, grips loosely mounted therein, and a rod extending through one head into and through the opposite head, having screw-threaded ends with nuts thereon, substantially as described. (2) The herein-described clamp for uniting the ends of hoops or bands or tightening the same, consisting of a pair of heads enlarged at one end and reduced at the other, having apertures and recesses therein, and cross-bars, as set forth, the grips loosely and removably mounted in said heads, and having enlarged outer ends and inner concaved down-wardly projecting ends with a smooth-bored aperture passing therethrough, and the threaded rod or bolt passing through said heads and nuts, substan-tially as described."

Wallace Ingalls, for complainant.

H. G. Underwood, for defendant.

SEAMAN, District Judge. The defendant, by his answer, denies both infringement and the validity of the patent, and sets up prior patents and uses by way of anticipation, and as showing the prior state of the art as well. Infringement is the only issue which requires serious consideration on the view I take of the undisputed testimony; and the inquiry as to infringement depends wholly upon the rule of construction which is applicable to the claims of this patent. The contention on the part of the defendant calls for a narrow rule which would, in effect, limit infringement to the precise construction shown in the drawings and specifications, founding such view upon the terms of reference and limitation found in the claims, and upon the alleged slight advance over the prior art in the invention. If such is the rule which must be applied, it is manifest that the variations in the defend-ant's device are sufficient to avoid infringement. That there is patent-able invention in the device described is not fairly disputable upon this record. It is true that the elements which enter into the combination are not new, when separately considered, and that the use of a pair of

lugs, of a threaded tie-bolt arranged for tightening the band, and of other components of the device, were not novel in their application, in one form or another, to adjusting and fastening hoops or bands. But the novelty and merit of the combination clearly appears both in the ready adjustment by which the bands can be applied without requiring accurate measurement and preparation at the shops, and by which it is fastened by the mechanism of the lugs, without rivets or other means tending to weaken the band. Neither of these important results was accomplished or fairly approached in the prior art, and the accomplishment of both results by the means devised was a distinct advance in that art, and, unless this meritorious character of the invention is lost through terms of restriction in the claims of the patent, the invention is entitled to recognition by fair, if not liberal, construction. Bundy Mfg. Co. v. Detroit Time-Register Co., 36 C. C. A. 375, 94 Fed. 524. In making the application for patent the device and its purpose were well described, but the claims of invention were not stated with desirable clearness and breadth. No limitation was imposed by action in the patent office, and I am not satisfied, under the circumstances shown, that the set phrases of reference to the specifications must be held of such force as to limit the grant to the precise construction of each element as described, thus destroying any value in the patent; but am of opinion that a plain equivalent performing the same function in the combination is covered by the patent. So construed, it is clear that the defendant's device is a mere colorable deviation. Much stress is placed upon an asserted difference in principle,—that one holds the band ends by a "bending grip," whilst the other provides a "friction wedge." It appears to me sufficient that the "bending grip" is produced by each, and necessarily so from the form in which the head is made and used in each, the difference being in degree only. The patents issued to the defendant, and appearing in the record, are not referred to in the argument on behalf of defendant, and I do not regard them as material.

Decree will enter in accordance with the prayer of the bill.